**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONA FIDE CONGLOMERATE, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SOURCEAMERICA; et al., <br><br> Defendants-Appellees. | No.　15-55999 <br><br> D.C. No. <br> 3:14-cv-00751-GPC-DHB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and SOTO,[**] District Judge.

**1.** The district court properly dismissed Bona Fide Conglomerate, Inc.'s

claims under Section 1 of the Sherman Act, 15 U.S.C. § 1. To withstand a motion

to dismiss under Federal Rule of Civil Procedure 12(b)(6), Bona Fide's complaint

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

had to answer "basic questions" such as "who, did what, to whom (or with whom), where, and when?" *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). Considering the complaint's allegations as a whole, Bona Fide failed to allege sufficient facts to answer those questions. Dismissal of Bona Fide's Section 1 claims was therefore warranted.

For example, the allegations attributed to Jean Robinson, the former general counsel of SourceAmerica, fail to support the existence of a Section 1 conspiracy. Robinson alleged that the defendants are members of a "club" or "mafia" that controls the allocation of contracts under the AbilityOne Program and that several of the defendants' executives are involved in the collusive activity. These allegations fail to explain where and when the alleged collusive activity among the defendants occurred, as needed to make out a plausible Section 1 claim. *See id.*

Robinson's allegations identifying specific agreements between certain defendants fare no better. For example, Robinson alleged that one of the defendants, PRIDE, did not protest SourceAmerica's allocation of a contract to another defendant, ServiceSource, because PRIDE knew that SourceAmerica would award it a more lucrative contract in the future. These allegations fail to explain where and when any such agreement was consummated, which again would be needed to make out a plausible Section 1 claim. *See id.*

Bona Fide's other allegations of a Section 1 conspiracy fail to meet the *Kendall* standard as well. For example, Bona Fide alleges that the defendants' employees have served as members of SourceAmerica's board and on the Executive Committee of the National Council of SourceAmerica Employers. Bona Fide further alleges that those employees controlled SourceAmerica's allocation process. But Bona Fide does not allege that the defendants ever comprised a majority of the membership of the SourceAmerica board or the NCSE Executive Committee, which would be necessary to establish that the defendants controlled SourceAmerica's allocation of AbilityOne Program contracts. Bona Fide also alleges that SourceAmerica and Corporate Source agreed that SourceAmerica would allocate all of its contracts in the Caribbean to Corporate Source. These allegations are deficient because they fail to specify who was involved in reaching that arrangement or when the arrangement was reached. *See id*.

Bona Fide's references to "plus factors" fail to save its Section 1 claims from dismissal. "Plus factors" are relevant only if the complaint adequately alleges parallel conduct among the defendants. *See In re Musical Instruments and Equipment Antitrust Litigation*, 798 F.3d 1186, 1193–94 (9th Cir. 2015). Bona Fide has not plausibly alleged any parallel conduct among the defendants. Bona

Fide's "plus factors" are therefore irrelevant to determining whether the complaint made out a viable Section 1 claim. *Id.*

**2.** The district court did not err by denying Job Options, Inc.'s and Opportunity Village, Inc.'s motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). Bona Fide alleges that Job Options is a participant in an ongoing Section 1 conspiracy under which it will receive future AbilityOne Program contracts to Bona Fide's detriment. These allegations are sufficient to satisfy Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Contrary to Opportunity Village's argument, Bona Fide's claims are not subject to the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). Bona Fide's claims are not founded "upon any express or implied contract with the United States." *Id.* Nor did Bona Fide name the United States as a party to this case. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

**AFFIRMED.**

Bona Fide's motion for judicial notice is DENIED.